```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
JAMES A. HARNAGE              :    Civ. No. 3:16CV01543(AWT)
                              :
v.                            :
                              :
DR. WU, et al.                :    January 16, 2019
                              :
------------------------------x
```

**RULING ON PLAINTIFF'S SECOND MOTION FOR CONTEMPT AND SANCTIONS
RE: DISCOVERY ORDER #141 [Doc. #164]**

Self-represented plaintiff James A. Harnage ("plaintiff") has filed a "Second Motion for Contempt and Sanctions Re: Discovery Order #141" asserting that defendants have failed to produce certain documents on or before June 15, 2018, as ordered by the Court. See Doc. #164 at 1. Defendants have filed no response to plaintiff's motion. On July 11, 2018, Judge Alvin W. Thompson referred plaintiff's motion to the undersigned. [Doc. #170]. For the reasons set forth below, the Court declines to certify facts to the district judge as contemplated by 28 U.S.C. §636(e), and **DENIES** plaintiff's "Second Motion for Contempt and Sanctions Re: Discovery Order #141" [**Doc. #164**].

**I.   Background**

The Court presumes familiarity with the general procedural and factual background of this matter, and sets forth the background only as relevant to the instant motion for contempt and sanctions.

On April 26, 2018, the Court held an in-person discovery conference in this matter. See Docs. #140, #141. Following that conference, on May 7, 2018, the Court issued a Memorandum of April 26, 2018, Discovery Conference and Ruling on Pending Motions (hereinafter the "Discovery Memorandum and Order"). [Doc. #141]. In pertinent part, the Court ordered:

> Any documents ordered to be produced during the April 26, 2018, discovery conference, as memorialized herein, shall be produced to plaintiff on or before June 15, 2018. In the event defendants are unable to produce the documents by that deadline, then a motion for extension of time must be filed on the docket in compliance with the Local Rules.

Id. at 14 (emphases removed).

On June 27, 2018, plaintiff filed the motion now before the Court. [Doc. #164]. In that motion, plaintiff cites the above-quoted portion of the Court's Discovery Memorandum and Order, and asserts: "As of this pleading, the plaintiff has not received a single document or meaningful response from the defendants." Id. at 1. Plaintiff asks that the Court "grant an order finding defendants in contempt and ordering sanctions accordingly, including, finding that the facts, as alleged by the plaintiff be found as true and uncontroverted." Id. (sic).

Six days after plaintiff filed his motion, on July 3, 2018, defendants filed a "Consent Motion for Extension of Time Nunc Pro Tunc Re: Production of Documents." Doc. #165. That motion represented: "With plaintiff's consent, the defendants move for

an extension of time nunc pro tunc to provide plaintiff with production in this case. They seek until yesterday, July 2, 2018, to provide plaintiff with production in this case, including that ordered in Doc. 141[.]" Doc. #165 at 1. Defendants' motion further represented that on June 29, 2018, two days after plaintiff filed the instant motion, the parties engaged "in a lengthy and productive meet and confer call" where the "parties discussed what materials had been obtained, the difficulty in obtaining materials, the volume of materials and possible bases for litigating the production." Id. On July 6, 2018, Judge Thompson granted defendants' motion, nunc pro tunc, to July 2, 2018. See Doc. #167.

On October 29, 2018, and December 5, 2018, the parties filed two joint status reports detailing their efforts to resolve the many pending discovery disputes spanning plaintiff's federal cases. See Docs. #203, #205. The parties have reached some agreements concerning the production of documents in this case, and plaintiff's other federal cases. See Doc. #205 at 4-5, 14-16.

## II. Legal Standard

Because plaintiff asks the "court [to] grant an order finding defendants in contempt and ordering sanctions accordingly, including, finding that the facts, as alleged by the plaintiff be found as true and controverted[,]" Doc. #164 at

1 (sic), the Court construes plaintiff's motion as seeking a civil contempt order in response to defendants' alleged non-compliance with the Court's Discovery Memorandum and Order. See Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 826-27 (1994) (distinguishing civil and criminal contempt). Accordingly, the Court applies the standard applicable to civil contempt.

"Whether imposed pursuant to Rule 37 or the court's inherent power, a contempt order is, ... a 'potent weapon, to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.'" S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144–45 (2d Cir. 2010) (quoting King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)). A court may hold a party in civil contempt for the violation of a court order when the movant establishes that "'the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply.'" Id. at 145 (quoting EEOC v. Local 638, 831 F.3d 1162, 1171 (2d Cir. 1996)); see also Frazier v. APM Fin. Sols., LLC, No. 3:11CV1762(AWT), 2015 WL 8483237, at *1 (D. Conn. Dec. 9, 2015) ("A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict.

More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." (internal citation and quotation marks omitted)).

"Because a contempt order is a severe sanction, it is subject to the higher 'clear and convincing' evidence standard rather than the usual preponderance of the evidence standard applicable to other civil cases." Chere Amie, Inc. v. Windstar Apparel, Corp., 175 F. Supp. 2d 562, 565 (S.D.N.Y. 2001). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002).

"Under [28 U.S.C. §636(e)], in a case other than one over which the magistrate judge presides with a consent of the parties under 28 U.S.C. §636(c), a magistrate judge is not authorized to issue a final contempt order. Instead, the magistrate judge's function in a 'non-consent' case is to certify facts relevant to the issue of civil contempt to the district court." Telebrands Corp. v. Marc Glassman, Inc., No. 3:09CV734(RNC)(DFM), 2012 WL 1050018, at *1 (D. Conn. Mar. 28, 2012) (internal citations and quotation marks omitted); see also

Stancuna v. Sacharko, No. 3:09CV75(AWT)(DFM), 2010 WL 2351485, at *2 (D. Conn. June 9, 2010) ("Pursuant to 28 U.S.C. §636(e), a magistrate judge may not issue an order of contempt but is called upon to certify the facts to the district judge.").

"In certifying the facts under Section 636(e), the magistrate judge's role is 'to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt.'" Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (quoting Church v. Stellar, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999)). "The magistrate judge also may 'decline to certify the conduct to the district court for a determination of contempt.'" Charter Practices, Int'l, LLC v. Robb, No. 3:12CV1768(RNC), 2013 WL 12178172, at *1 (D. Conn. May 22, 2013) (citing Bowens, 546 F. Supp. 2d at 72). Where a Magistrate Judge declines such a certification, "the district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge." Bowens, 546 F. Supp. 2d at 72 (citation and internal quotation marks omitted).[1]

---

[1] Neither party has requested a hearing on the pending motion for contempt.

### III. Discussion

Plaintiff seeks an order holding defendants in contempt for their alleged failure to timely produce documents as ordered by the Court. See Doc. #164 at 1.

Plaintiff has not shown by clear and convincing evidence that defendants have failed to comply with the portion of the Court's Discovery Memorandum and Order regarding the deadline by which to produce documents. Indeed, with the plaintiff's consent, defendants sought a nunc pro tunc extension of the production deadline, which Judge Thompson granted. See Docs. #165, #167. Although defendants' motion did not comply with the Local Rules as it was not filed three days before the deadline which it sought to extend, the Court cannot conclude that defendants have "not diligently attempted to comply in a reasonable manner[]" with that aspect of the Court's Discovery Memorandum and Order. Frazier, 2015 WL 8483237, at *1. That is particularly so in light of the parties' attempts to resolve the many issues relating to the production of documents in this case. See, e.g., Docs. #165, #203, #205. Plaintiff has thus failed to "adduce sufficient evidence to establish a prima facie case of contempt." Bowens, 546 F. Supp. 2d at 71. Therefore, the Court declines to certify facts to the district judge as contemplated by 28 U.S.C. §636(e), and **DENIES** plaintiff's "Second Motion for Contempt and Sanctions Re: Discovery Order

#141" [**Doc. #164**]. See Stancuna, 2010 WL 2351485, at *2 (Magistrate Judge declined to certify facts, and denied plaintiff's motion to compel, where plaintiff failed "to show by clear and convincing evidence that the defendant was not diligent in attempting to comply with the court's order.").[2]

IV. **Conclusion**

For the reasons stated above, the Court declines to certify facts to the district judge as contemplated by 28 U.S.C. §636(e), and **DENIES** plaintiff's "Second Motion for Contempt and Sanctions Re: Discovery Order #141" [**Doc. #164**].

SO ORDERED at New Haven, Connecticut, this 16th day of January, 2019.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent plaintiff's motion may be construed as seeking sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i), plaintiff has likewise failed to demonstrate that the imposition of sanctions under that Rule is warranted. See Lodge v. United Homes, LLC, 787 F. Supp. 2d 247, 258 (E.D.N.Y. 2011) ("The party requesting sanctions under Rule 37 bears the burden of showing that the opposing party failed to timely disclose information required by Rule 26."); In re Sept. 11th Liab. Ins. Coverage Cases, 243 F.R.D. 114, 125 (S.D.N.Y. 2007).