```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

------------------------------x
                              :
JAMES A. HARNAGE              :     Civ. No. 3:16CV01543(AWT)
                              :
v.                            :
                              :
DR. WU, et al.                :     January 29, 2019
                              :
------------------------------x

**RULING ON PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER NO. 141 [Doc. #155]**

Self-represented plaintiff James A. Harnage ("plaintiff") has filed a Motion for Contempt and Sanctions for Failure to Comply with Discovery Order No. 141, asserting that defendant Dr. Naqvi has failed to adequately answer an interrogatory, as ordered by the Court. See Doc. #155 at 1. Dr. Naqvi has filed an objection to plaintiff's motion. [Doc. #161]. On June 24, 2018, Judge Alvin W. Thompson referred plaintiff's motion to the undersigned. [Doc. #160]. For the reasons set forth below, the Court declines to certify facts to the district judge as contemplated by 28 U.S.C. §636(e), and **DENIES** plaintiff's Motion for Contempt and Sanctions for Failure to Comply with Discovery Order No. 141 [**Doc. #155**].

**I.  Background**

The Court presumes familiarity with the general procedural and factual background of this matter, and sets forth the

```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

------------------------------x
                              :
JAMES A. HARNAGE              :     Civ. No. 3:16CV01543(AWT)
                              :
v.                            :
                              :
DR. WU, et al.                :     January 29, 2019
                              :
------------------------------x

**RULING ON PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER NO. 141 [Doc. #155]**

Self-represented plaintiff James A. Harnage ("plaintiff") has filed a Motion for Contempt and Sanctions for Failure to Comply with Discovery Order No. 141, asserting that defendant Dr. Naqvi has failed to adequately answer an interrogatory, as ordered by the Court. See Doc. #155 at 1. Dr. Naqvi has filed an objection to plaintiff's motion. [Doc. #161]. On June 24, 2018, Judge Alvin W. Thompson referred plaintiff's motion to the undersigned. [Doc. #160]. For the reasons set forth below, the Court declines to certify facts to the district judge as contemplated by 28 U.S.C. §636(e), and **DENIES** plaintiff's Motion for Contempt and Sanctions for Failure to Comply with Discovery Order No. 141 [**Doc. #155**].

**I.  Background**

The Court presumes familiarity with the general procedural and factual background of this matter, and sets forth the

background only as relevant to the instant motion for contempt and sanctions.

On April 26, 2018, the Court held an in-person discovery conference in this matter. See Docs. #140, #141. Following that conference, on May 7, 2018, the Court issued a Memorandum of April 26, 2018, Discovery Conference and Ruling on Pending Motions (hereinafter the "Discovery Memorandum and Order"). [Doc. #141]. During that conference, the Court addressed plaintiff's third set of interrogatories to Dr. Naqvi, which was the subject of plaintiff's then-pending motion to compel reflected at docket entry 89. See id. at 12.[1] In pertinent part, the Court ordered: "Dr. Naqvi shall answer or object to interrogatories 1 and 2[] ... on or before May 31, 2018." Id. (emphases removed).

On June 18, 2018, plaintiff filed the instant motion for contempt and sanctions. [Doc. #155]. Plaintiff contends that Dr. Naqvi "timely filed a pleading, however, intentionally and flagrantly ignored the courts order and/or intentionally responded in a manner intended to subvert that order[.]" Id. at 1. Plaintiff specifically takes issue with Dr. Naqvi's answer to

---

[1] In the original motion to compel, plaintiff asserted that Dr. Naqvi had failed entirely to respond to this third set of interrogatories. See Doc. #89 at 1.

interrogatory 1 and each of its subparts. See generally id. at
3, 5-8. Dr. Naqvi objects to the relief sought. See Doc. #161.

On October 29, 2018, and December 5, 2018, the parties
filed two joint status reports detailing their efforts to
resolve the many pending discovery disputes spanning plaintiff's
federal cases. See Docs. #203, #205. The parties have reached
some agreements concerning discovery in this case, and
plaintiff's other federal cases. See Doc. #205 at 4-5, 14-16.

**II. Legal Standard**

Because plaintiff asks the "court [to] grant the relief
sought by finding defendant in contempt and imposing sanctions
accordingly[,]" Doc. #155 at 8 (sic), the Court construes
plaintiff's motion as seeking a civil contempt order based on
Dr. Naqvi's alleged non-compliance with the Court's Discovery
Memorandum and Order. See Int'l Union, United Mine Workers of
Am. v. Bagwell, 512 U.S. 821, 826-27 (1994) (distinguishing
civil and criminal contempt). Accordingly, the Court applies the
standard applicable to civil contempt.

"Whether imposed pursuant to Rule 37 or the court's
inherent power, a contempt order is, ... a 'potent weapon, to
which courts should not resort where there is a fair ground of
doubt as to the wrongfulness of the defendant's conduct.'" S.
New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144–45
(2d Cir. 2010) (quoting King v. Allied Vision, Ltd., 65 F.3d

1051, 1058 (2d Cir. 1995)). A court may hold a party in civil contempt for the violation of a court order when the movant establishes that "'the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply.'" Id. at 145 (quoting EEOC v. Local 638, 831 F.3d 1162, 1171 (2d Cir. 1996)).

> A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict. More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.

Frazier v. APM Fin. Sols., LLC, No. 3:11CV1762(AWT), 2015 WL 8483237, at *1 (D. Conn. Dec. 9, 2015) (internal citation and quotation marks omitted).

"Because a contempt order is a severe sanction, it is subject to the higher 'clear and convincing' evidence standard rather than the usual preponderance of the evidence standard applicable to other civil cases." Chere Amie, Inc. v. Windstar Apparel, Corp., 175 F. Supp. 2d 562, 565 (S.D.N.Y. 2001). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002).

"Under [28 U.S.C. §636(e)], in a case other than one over which the magistrate judge presides with a consent of the parties under 28 U.S.C. §636(c), a magistrate judge is not authorized to issue a final contempt order. Instead, the magistrate judge's function in a 'non-consent' case is to certify facts relevant to the issue of civil contempt to the district court." Telebrands Corp. v. Marc Glassman, Inc., No. 3:09CV734(RNC)(DFM), 2012 WL 1050018, at *1 (D. Conn. Mar. 28, 2012) (internal citations and quotation marks omitted); see also Stancuna v. Sacharko, No. 3:09CV75(AWT)(DFM), 2010 WL 2351485, at *2 (D. Conn. June 9, 2010) ("Pursuant to 28 U.S.C. §636(e), a magistrate judge may not issue an order of contempt but is called upon to certify the facts to the district judge.").

"In certifying the facts under Section 636(e), the magistrate judge's role is 'to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt.'" Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (quoting Church v. Stellar, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999)). "The magistrate judge also may 'decline to certify the conduct to the district court for a determination of contempt.'" Charter Practices, Int'l, LLC v. Robb, No. 3:12CV1768(RNC), 2013 WL 12178172, at *1 (D. Conn. May 22, 2013) (citing Bowens, 546 F. Supp. 2d at 72). Where a Magistrate Judge declines such a certification, "the district

court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge." Bowens, 546 F. Supp. 2d at 72 (citation and internal quotation marks omitted).[2]

**III. Discussion**

Plaintiff seeks an order holding Dr. Naqvi in contempt for his allegedly having "intentionally and flagrantly ignored the courts [Discovery Memorandum and Order] and/or intentionally responded in a manner intended to subvert that order[.]" Doc. #155 at 1 (sic). Plaintiff specifically takes issue with Dr. Naqvi's responses to interrogatory 1 of plaintiff's third set of interrogatories. See Doc. #155 at 1-2.

Plaintiff has not shown by clear and convincing evidence that Dr. Naqvi has failed to comply with the portion of the Court's Discovery Memorandum and Order regarding plaintiff's third set of interrogatories directed to Dr. Naqvi. Indeed, as plaintiff acknowledges in his motion, see Doc. #155 at 1, the Court ordered Dr. Naqvi "to answer or object to interrogatories 1 and 2[] ... on or before May 31, 2018." Doc. #141 at 12. The Discovery Memorandum and Order required nothing more. Plaintiff admits that Dr. Naqvi timely served his answers and objections

---

[2] In a later filing, plaintiff requested a hearing on the pending motion for contempt. See Docs. #169, #199. The Court denies that request.

to plaintiff's third set of interrogatories. See Doc. #155 at 1. Although plaintiff may not be pleased with Dr. Naqvi's answers and objections to his third set of interrogatories, the Court cannot conclude that Dr. Naqvi has "not diligently attempted to comply in a reasonable manner[]" with that aspect of the Court's Discovery Memorandum and Order. <u>Frazier</u>, 2015 WL 8483237, at *1. That is particularly so in light of the parties' efforts since plaintiff filed his motion to resolve the many discovery-related issues in this case. <u>See, e.g.</u>, Docs. #165, #203, #205. Those efforts include the agreement that Dr. Naqvi "will review the clinical records and physicians orders portions of plaintiff's medical chart[,]" which are not to "exceed approximately 200-300 pages[,]" and "will identify which entries [he] authored and what he ... believes those entries say." Doc. #205 at 3.

    Plaintiff has thus failed to "adduce sufficient evidence to establish a prima facie case of contempt." <u>Bowens</u>, 546 F. Supp. 2d at 71. Therefore, the Court declines to certify facts to the district judge as contemplated by 28 U.S.C. §636(e), and **DENIES** plaintiff's Motion for Contempt and Sanctions for Failure to Comply with Discovery Order No. 141 [**Doc. #155**]. See <u>Stancuna</u>, 2010 WL 2351485, at *2 (Magistrate Judge declined to certify facts, and denied plaintiff's motion to compel, where plaintiff failed "to show by clear and convincing evidence that the

defendant was not diligent in attempting to comply with the court's order.").[3]

## IV. Conclusion

For the reasons stated above, the Court declines to certify facts to the district judge as contemplated by 28 U.S.C. §636(e), and **DENIES** plaintiff's Motion for Contempt and Sanctions for Failure to Comply with Discovery Order No. 141 [**Doc. #155**].

SO ORDERED at New Haven, Connecticut, this 29th day of January, 2019.

                                        /s/
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES MAGISTRATE JUDGE

---

[3] To the extent plaintiff's motion may be construed as seeking sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), plaintiff has likewise failed to demonstrate that the imposition of sanctions under that Rule is warranted. See Lodge v. United Homes, LLC, 787 F. Supp. 2d 247, 258 (E.D.N.Y. 2011) ("The party requesting sanctions under Rule 37 bears the burden of showing that the opposing party failed to timely disclose information required by Rule 26."); In re Sept. 11th Liab. Ins. Coverage Cases, 243 F.R.D. 114, 125 (S.D.N.Y. 2007).